**UNITED STATES DISTRICT COURT EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **LAKEVIEW LOAN SERVICING, LLC,**<br><br>**Plaintiff,**<br><br>**versus**<br><br>**DANIEL PARKER; UNITED STATES OF AMERICA** ***on behalf of the Secretary of Housing and Urban Development*****, SECURITY CREDIT SERVICES, LLC; and BEAUMONT DIAMOND D RANCH PROPERTY OWNERS ASSOCIATION, INC.;**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. 1:25-CV-00362-MAC-CLS** |

**MEMORANDUM AND ORDER ADOPTING**
**THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, this case was referred to the Honorable Christine L. Stetson, United States Magistrate Judge, to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* (#22); 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

I. Background

On July 9, 2026, Judge Stetson issued a Report and Recommendation (#23) advising the court to dismiss this case for want of jurisdiction because the federal law upon which Plaintiff relies to assert jurisdiction, 28 U.S.C. § 2410, does not confer original subject-matter jurisdiction over this action. Judge Stetson found that jurisdiction under § 2410 "is conditioned on removal" based on the plain language of the statute. (#23 at 3). As Plaintiff initiated this lawsuit in federal

court and did not plead other avenues to establish jurisdiction in its complaint, Judge Stetson concluded that this case must be dismissed under Federal Rule of Civil Procedure 12(h)(3). (*Id.*)

Plaintiff objected to the Report and Recommendation on July 23, 2026, asking the court to "treat § 2410 as a jurisdiction-conferring statute." *See* (#24 at 2). Plaintiff asserts that § 2410 establishes jurisdiction because its complaint pleads with particularity that the federal government has an interest in the property at the heart of this matter. (*Id.* at 4).

## II. Standard of Review

A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. *See Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc) ("Frivolous, conclusive or general objections need not be considered by the district court."), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

## III. Analysis

"[T]he proponents of federal-court jurisdiction carry the burden of establishing it" by alleging, in their complaint, "a plausible set of facts establishing jurisdiction" under 28 U.S.C. § 1331 or § 1332. *Physician Hosps. of Am. v. Sebelius*, 692 F.3d 649, 652 (5th Cir. 2012) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). Plaintiff's complaint offers two bases for jurisdiction. *See* (#1 at 2, ¶ 6). *First*, it pleads that the court has jurisdiction

"pursuant to 28 U.S.C. § 2410." (*Id.*) "Section 2410(a) only waives sovereign immunity," however—the statute "does not create a basis for federal subject matter jurisdiction." *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 635 (5th Cir. 2002); *see Lewis v. Hunt*, 492 F.3d 565, 571–72 (5th Cir. 2007) (explaining that § 2410's "purpose" is to serve "as a lien removal statute"); *accord Lakeview Loan Servicing, LLC v. Tennyson*, No. 25-CV-1232, 2026 WL 799709, at *3–4 (N.D. Tex. Mar. 23, 2026); *Planet Home Lending, LLC v. Waterwall*, No. 25-CV-387, 2026 WL 1084006, at *1–2 (S.D. Tex. Apr. 6), *R. & R. adopted*, 2026 WL 1081200, at *1 (S.D. Tex. Apr. 21, 2026). Thus, the court declines to "treat § 2410 as a jurisdiction-conferring statute" (#24 at 2).[1]

*Second*, the complaint pleads that "jurisdiction is proper under 28 U.S.C. § 1331, as the matter involves the interpretation and enforcement of federal laws governing [the United States Department of Housing and Urban Development]'s lien rights." (#1 at 2, ¶ 6). Plaintiff brings a breach-of-contract claim against Defendant Daniel Parker that seeks foreclosure as a remedy—nothing about that claim "turn[s] on construction of federal law." *Tennyson*, 2026 WL 799709, at *4. Further, the complaint neither suggests "that this case involves a dispute among the parties regarding the existence, amount, or nature of HUD's lien" nor "identif[ies] any federal laws that are subject to interpretation," so it does not establish jurisdiction under § 1331.[2] *Id.*; *see*

[1] Even in the removal context, the Fifth Circuit has clarified that the source of federal jurisdiction is 28 U.S.C. § 1444, not § 2410. *See Hussain*, 311 F.3d at 635.

[2] It appears that a need to interpret the government's lien rights can provide § 1331 jurisdiction over the five types of state-law claims listed in § 2410 (at least over equitable quiet-title actions), but only where a "dispositive and contested federal issue [is] at the heart of the state-law title claim." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 320 (2005). While Plaintiff's objections cite two cases involving § 2410 that allowed state-law quiet-title actions to proceed in federal court, both of those cases involved the validity of tax liens imposed by the Internal Revenue Service, *see Koehler v. United States*, 153 F.3d 263, 266–67 (5th Cir. 1998); *Perez v. United States*, 312 F.3d 191, 195 (5th Cir. 2002), and "[t]he meaning of [a] federal tax provision is an important issue of federal law that sensibly belongs in federal court." *Grable*, 545 U.S. at 315. Here, there is no IRS tax lien and, regardless, breach of contract is not listed in § 2410.

*Lakeview Loan Servicing LLC v. Lee*, No. 25-CV-525, 2025 WL 3221472, at *3 (N.D. Tex. Oct. 22), *R & R adopted*, 2025 WL 3218913 (N.D. Tex. Nov. 17, 2025); *Waterwall*, 2026 WL 1084006, at *2; *see also Servis One, Inc. v. Brown*, No. 25-CV-228, 2026 WL 852010, at *3 (M.D. Ga. Mar. 27, 2026) (finding no federal-question jurisdiction "because Plaintiff's sole cause of action for breach of contract is created by state law and does not implicate any federal law issues"[3]). The complaint's two jurisdictional allegations do not satisfy Plaintiff's burden to plead jurisdiction; "the court must dismiss th[is] action." FED. R. CIV. P. 12(h)(3).

IV. Order

It is therefore **ORDERED** that Plaintiff's objections (#24) are **OVERRULED** and that the Report and Recommendation (#23) is **ADOPTED**. This case is hereby **DISMISSED** without prejudice for want of jurisdiction. FED. R. CIV. P. 12(h)(3). The clerk of court is instructed to **CLOSE** this matter and **DENY** as moot any pending motions.

**THIS IS A FINAL JUDGMENT**.

SIGNED at Beaumont, Texas, this 3rd day of August, 2026.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

[3] Like Judge Stetson's Report and Recommendation, the *Brown* court also found that it "cannot have jurisdiction pursuant to § 2410 and § 1444" because the "case was not removed from state court." 2026 WL 852010, at *2; *accord AmeriHome Mortg. Co. v. Williams*, No. 1:25-CV-210, 2026 WL 1905047, at *1 (E.D. Tex. July 1, 2026) (Truncale, J.) (same).